UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ARLEATHA CALLOWAY,

           Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security

           Defendant.

Case No. 2:17-cv-00151-TLF

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of the Commissioner's denial of her applications for disability insurance and supplemental security income (SSI) benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Court finds that the Commissioner's decision to deny benefits should be reversed, and that this matter should be remanded for further administrative proceedings.

## FACTUAL AND PROCEDURAL HISTORY

On April 24, 2012, Plaintiff filed an application for disability insurance benefits and another one for SSI benefits, alleging in both applications that she became disabled beginning December 10, 2009. Dkt. 9, Administrative Record (AR) 12. Both applications were denied on initial administrative review and on reconsideration. *Id.* A hearing was held before an administrative law judge (ALJ), at which Plaintiff appeared and testified as did a vocational expert. AR 34-58.

In a decision dated August 27, 2015, the ALJ found that Plaintiff could perform other jobs existing in significant numbers in the national economy and therefore that she was not disabled. AR 12-27. Plaintiff's request for review was denied by the Appeals Council on January 31, 2017, making the ALJ's decision the final decision of the Commissioner, which Plaintiff then appealed in a complaint filed with this Court on February 9, 2017. AR 1; Dkt. 3; 20 C.F.R. § 404.981, § 416.1481.

Plaintiff seeks reversal of the ALJ's decision and remand for further administrative proceedings, arguing the ALJ erred:

    (1)    in evaluating the medical opinion evidence from Victoria McDuffee, Ph.D., and Kent Reade, Ph.D.;

    (2)    in assessing Plaintiff's residual functional capacity (RFC); and

    (3)    in finding Plaintiff could perform other jobs existing in significant numbers in the national economy.

For the reasons set forth below, the Court agrees that the ALJ erred in evaluating the opinion evidence from Dr. Reade, and therefore in assessing Plaintiff's RFC and in finding she could perform other jobs existing in significant numbers in the national economy. Accordingly, the Court finds that the decision to deny benefits should be reversed and that this matter should be remanded to the Commissioner for further consideration of those issues.

## DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld if the "proper legal standards" have been applied, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991). "A decision supported by substantial

evidence nevertheless will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Carr*, 772 F.Supp. at 525 (citing *Brawner v. Sec'y of Health and Human Sers.*, 839 F.2d 432, 433 (9th Cir. 1987)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193.

The Commissioner's findings will be upheld "if supported by inferences reasonably drawn from the record." *Batson*, 359 F.3d at 1193. Substantial evidence requires the Court to determine whether the Commissioner's determination is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," that decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). That is, "[w]here there is conflicting evidence sufficient to support either outcome," the Court "must affirm the decision actually made." *Allen*, 749 F.2d at 579 (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

I. <u>The ALJ's Evaluation of the Medical Opinion Evidence</u>

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the evidence is inconclusive, "questions of credibility and resolution of conflicts are functions solely of the [ALJ]." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such situations, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" medical opinions "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Trevizo v. Berryhill*, 862 F.3d 987, 997 (9th Cir. 2017) (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)). Even when a treating or examining physician's opinion is contradicted, an ALJ may only reject that opinion "by providing specific and legitimate reasons that are supported by substantial evidence." *Id*. (quoting *Ryan*, 528 F.3d at 1198). However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th

Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

Kent Reade, Ph.D., a non-examining consultative psychologist, opined in March 2014, that Plaintiff was moderately limited in her ability to: understand, remember, and carry out detailed instructions; maintain attention and concentration for extended periods; complete a normal workday and workweek without interruption from psychologically based symptoms; and perform at a consistent pace without an unreasonable number and length of rest periods. AR 104. Dr. Reade further opined that Plaintiff could "perform SRTs[1] and more complex tasks," but that her concentration, persistence, or pace "may wax & wane at time[s due to] situational stressors & psych [symptoms]." *Id.*

The ALJ gave "significant weight" to Dr. Reade's findings, and in doing so specifically referred to the opinion that Plaintiff could perform SRTs and more complex tasks, but that her concentration, persistence, or pace may wax and wane at times due to situational stressors and psychological symptoms. AR 24. As Plaintiff points out, however, the ALJ did not include any limitation in his assessment of Plaintiff's RFC regarding concentration, persistence, or pace waxing and waning. *See* AR 18. The Commissioner argues the ALJ was not obligated to adopt such a limitation, because Dr. Reade used "may" rather than "will", and because it should be read in the context of Dr. Reade's overall opinion that Plaintiff was moderately limited in terms of concentration, but that she still could perform SRTs and more complex tasks.

---

[1] It is unclear whether by "SRTs" Dr. Reade was referring to simple, *routine* tasks as the Commissioner asserts (Dkt. 14, p. 4), or simple, *repetitive* tasks as the ALJ interpreted it (AR 24). However, whether Dr. Reade meant routine or repetitive tasks is immaterial to the outcome of this matter.

The Court finds the Commissioner's argument unpersuasive. Dr. Reade's use of "may" though somewhat ambiguous, indicates he believed Plaintiff's symptoms could interfere in her ability to maintain concentration, persistence, or pace. But the ALJ gave no indication that he considered this possibility or that he determined that the use of "may" made Dr. Reade's too speculative or ambiguous to adopt. Rather, the ALJ merely stated he gave Dr. Reade's opinion "significant weight." Further, while the Court agrees that the waxing and waning limitation must be seen in context with Dr. Reade's whole opinion – that is, that Plaintiff also could perform SRTs and more complex tasks – the more reasonable interpretation is that she *can* perform those tasks, but that she *may* still have issues concerning the waxing and waning of her concentration, persistence, or pace. The two statements are not mutually exclusive. Rather, the second modifies the first. On the other hand, the Commissioner's interpretation in effect renders meaningless the second statement. As such, the ALJ erred here.

II. The ALJ's RFC Assessment

The Commissioner employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520, § 416.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. *See id.* A claimant's RFC assessment is used at step four of the process to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. Social Security Ruling (SSR) 96-8p, 1996 WL 374184 *2. It is what the claimant "can still do despite his or her limitations." *Id.*

A claimant's RFC is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. *Id.* However, an inability to work must result from the claimant's "physical or mental impairment(s)." *Id.* Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." *Id.* In assessing

a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." *Id.* at *7.

In this case, the ALJ found Plaintiff had:

**[T]he mental capability to perform adequately the mental activities generally required by competitive, remunerative work as follows: She is able to perform simple, routine tasks and follow short, simple instructions, perform work that requires little or no judgment, and perform simple duties that can be earned on the job in a short period of less than 30 days.**

AR 18 (emphasis in the original). As discussed above, however, the ALJ erred in failing to offer valid reasons for not adopting Dr. Reade's opinion that although Plaintiff could perform SRTs and more complex tasks, her concentration, persistence, or pace may wax and wane. The ALJ's RFC assessment, therefore, cannot be said to completely and accurately describe all of plaintiff's functional limitations. Accordingly, the ALJ erred here as well.

III.  The ALJ's Step Five Determination

If a claimant cannot perform his or her past relevant work, at step five of the sequential disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 404.1520(d), (e), § 416.920(d), (e). The ALJ can do this through the testimony of a vocational expert. *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000); *Tackett*, 180 F.3d at 1100-1101. An ALJ's step five determination will be upheld if the weight of the medical evidence supports the hypothetical posed to the vocational expert. *Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988).

Accordingly, the ALJ's description of the claimant's functional limitations "must be accurate, detailed, and supported by the medical record." *Id.* (citations omitted).

The ALJ found Plaintiff could perform other jobs existing in significant numbers in the national economy, based on the vocational expert's testimony offered at the hearing in response to a hypothetical question concerning an individual with the same age, education, work experience and RFC as Plaintiff. AR 26-27. But because as discussed above the ALJ erred in assessing plaintiff's RFC, the hypothetical question the ALJ posed to the vocational expert – and thus that expert's testimony and the ALJ's reliance thereon – cannot be said to be supported by substantial evidence or free of error.

IV. <u>Remand for Further Administrative Proceedings</u>

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

Because issues still remain in regard to Plaintiff's ability to maintain concentration, persistence, or pace, and thus in regard to her RFC and her ability to perform other jobs exiting in significant numbers in the national economy, remand for further consideration of those issues is warranted.

## CONCLUSION

Based on the foregoing discussion, the Court finds that the ALJ improperly determined Plaintiff to be not disabled. The Commissioner's decision to deny benefits thus is REVERSED and this matter is REMANDED for further administrative proceedings in accordance with the findings contained herein.

Dated this 25th day of August, 2017.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge